UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JIANSHE GUO,                                                             :
                                                                         :
                              Plaintiff,                                 :     18-CV-4147 (JMF)
                                                                         :
              -v-                                                        :     MEMORANDUM OPINION
                                                                         :     AND ORDER
A CANAAN SUSHI INC., JIA ZHUANG WANG, et al.,                            :
                                                                         :
                              Defendants.                                :
                                                                         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this Memorandum Opinion and Order, the Court addresses a pattern of delinquent conduct by counsel for Plaintiff, John Troy and Aaron B. Schweitzer of Troy Law, PPLC, and Hui Chen of the Law Offices of Hui Chen & Associates, P.C. As discussed below, these counsel have repeatedly failed to comply with Court-ordered deadlines — most recently a deadline to (re)file a motion for entry of default judgment. And when counsel have made submissions (whether timely or otherwise), the submissions have often been woefully inadequate. Taken together, counsel's conduct has imposed considerable costs on the Court and its staff. Given that, and given that counsel's failure to file a timely motion for default judgment means there is no way for this case to proceed, the Court concludes that dismissal and sanctions are appropriate.

## BACKGROUND

Plaintiff filed this case, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on May 9, 2018. *See* Docket No. 1. The Court set an initial pretrial conference date and referred the case to a Magistrate Judge for a settlement conference to be conducted before the initial conference. *See* Docket Nos. 4, 5. When Defendants failed to

answer in a timely manner, the Court set a schedule for the briefing of any default judgment motion and required that any motion for default judgment be filed no more than two weeks later. *See* Docket No. 13. Plaintiffs filed a "request to enter default," but no default judgment motion, *see* Docket No. 14, and at Plaintiff's request, the Court extended the deadline for a motion to August 3, 2019, *see* Docket Nos. 15, 17. On July 30, 2019, before Plaintiff filed any motion, Defendants filed an answer. *See* Docket No. 19. Seven minutes later, Plaintiff filed another "request to enter default." *See* Docket No. 20. The Court denied the request for a default in light of Defendants' answer and again scheduled an initial pretrial conference. *See* Docket No. 22.

Plaintiff's counsel failed to comply with the deadlines related to the initial pretrial conference. In scheduling the conference, the Court had ordered the parties to submit a joint status letter by the Thursday prior to the initial conference. *See* Docket Nos. 5, 22. The parties, however, did not submit the letter until the Court's staff called Plaintiff's counsel to follow up the day after the deadline had passed. *See* Docket Nos. 24, 25.[1] Additionally, on May 10, 2018, the Court ordered the parties to contact the assigned Magistrate Judge within a week of the answer being filed to schedule a settlement conference. *See* Docket No. 4. Yet, despite the answer filed on July 30, 2018, *see* Docket No. 19, in their October 5, 2018 letter, the parties stated that they "ha[d] not had any settlement discussions with Plaintiff's counsel's [sic] present," *see* Docket No. 25. In light of these failings, the Court warned the parties at the initial

---

[1] Counsel from Troy Law frequently fail to submit required filings to this Court until they are reminded to do so by the Court's staff. *See, e.g.*, Docket No. 43 (filing due Thursday, January 3, 2019, but filed Friday, January 4, 2019, after a call from the Court's staff); *Hu v. Tea Pot 88, Inc.*, No. 18-CV-12158, Docket No. 30 (filing due Thursday, March 14, 2019, but filed Friday, March 15, 2019, after calls from the Court's staff); *Luo v. Kaiyi Inc.*, No. 18-CV-3101, Docket No. 31 (noting that Plaintiff, who was represented by Troy Law, served Defendants three weeks late, "just two days before the parties were scheduled to appear before the Court — and only . . . in response to a query from the Court's staff").

pretrial conference on October 11, 2018, that they needed to be careful to comply with the Court's deadlines.

On November 30, 2018, defense counsel filed a motion seeking to withdraw as counsel. *See* Docket No. 36. After setting a briefing schedule, *see* Docket No. 38, the Court eventually granted the motion as unopposed. *See* Docket No. 40. Because no other lawyer had appeared on behalf of Defendants, the Court noted that Defendant John Wang (now identified as Jia Zhuang Wang, *see* Docket No. 47) was now proceeding *pro se* and that, because a "corporate entity . . . may appear in federal court only through counsel . . . , if new counsel fail[ed] to appear on behalf of A Canaan Sushi, default judgment may be entered." Docket No. 40 (citing *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) and *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006)). No lawyer filed a notice of appearance on behalf of Defendants and on January 10, 2019, no Defendant or representative of Defendants appeared at a pretrial conference, so on January 16, 2019, the Court again issued a scheduling order for the filing of any default judgment motion and set a deadline of January 31, 2019, for the filing of any motion. *See* Docket No. 46. The Court directed Plaintiff to serve the Order on Defendants by January 17, 2019. *See id.*

Plaintiff did not comply with the Court's deadlines regarding the default judgment motion. On January 31, 2019, at 8:43 p.m., counsel filed a request for an extension, *see* Docket No. 48 — despite the Court's rule that, absent an emergency, extension requests must be made at least forty-eight hours in advance of the deadline, *see* Individual Rules and Practices in Civil Cases 1(E). Still, the Court extended the deadline to February 7, 2019. *See* Docket No. 49. On February 7, 2019, this time at 6:54 p.m., counsel again requested an extension, *see* Docket No. 50, and again, the Court granted it, *see* Docket No. 51. At the same time, the Court ordered that,

3

by February 13, 2019, Plaintiff had to: (1) file proof of service on Defendants as ordered on January 16, 2019; and (2) serve a copy of the Court's February 8, 2019 Order on Defendants and file proof of such service with the Court. *See id.* The Court warned that "[f]ailure to adhere to these deadlines, including the service deadlines, may result in the case being dismissed for failure to prosecute." *Id.* Despite these warnings, Plaintiff filed the proof of service a week late, on February 20, 2019. *See* Docket Nos. 52, 53.[2]

A day later, Plaintiff filed a motion for default judgment, *see* Docket No. 54, but it was woefully deficient. On March 14, 2019, the Court denied Plaintiff's motion from the bench and itemized the motion's glaring deficiencies. *See* Docket Nos. 57, 60. As the Court noted:

- The motion lacked a "certificate of default." *See* Docket No. 60, at 2.

- There was no evidence that counsel had served the motion papers on Defendants, as the Court had ordered. *See id.* at 2; *see also* Docket No. 46.

- The motion was "based on the defendant's failure to answer," even though Defendants had actually answered in July 2018, making clear that counsel had recycled it — without checking if it was still relevant or correct — from the earlier motion for default judgment filed in this case. *See* Docket No. 60, at 2-3; *see also* Docket No. 19.

- Along similar lines, Plaintiff submitted by hard copy the very same affidavit in support of the default judgment motion that had been filed at Docket No. 16 in support of the earlier motion. *See* Docket No. 60, at 4.

- The memorandum of law had glaring errors, including a sentence that read "Plaintiffs are owed the following amounts:" — with nothing following the colon. *See* Docket No. 60, at 3; Docket No. 54, at 11.

- The memorandum referred to "Plaintiffs' damages chart," but no such chart was included in Plaintiff's filings. *See* Docket No. 60, at 4; Docket No. 54, at 10.

After denying the motion, the Court set March 28, 2019, as the deadline for filing a revised

---

[2] Similarly, in *Luo v. Kaiyi Inc.*, Troy Law, on behalf of Plaintiff, served Defendants on October 15, 2018, despite the deadline of September 21, 2018. *See* 18-CV-3101, Docket No. 31.

default judgment motion and warned that "failure to adhere to these deadline[s] may result in this case being dismissed for failure to prosecute and/or sanctions." Docket No. 57.[3] To date, Plaintiff has not filed any revised motion for default judgment.

## DISCUSSION

In light of the foregoing record, the Court concludes that the case should be dismissed for failure to prosecute and that sanctions should be imposed on counsel. The Court will address each in turn.

### A. Dismissal for Failure to Prosecute

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss an action with prejudice because of a plaintiff's failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. More specifically, in considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately

---

[3] Counsel from Troy Law has received other warnings from this Court that failure to comply with deadlines may result in sanctions. *See, e.g.*, *Luo v. Kaiyi Inc.*, No. 18-CV-3101, Docket No. 31 ("Any failure to serve this Order on Defendants may result in sanctions.").

considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Plaintiff has been on notice since at least February 8, 2019, that any failure to comply with the Court's deadlines could result in dismissal. *See* Docket Nos. 51, 57. Indeed, Plaintiff was explicitly warned twice, in the past few months alone, that failure to comply could result in dismissal. *See id.*; *see, e.g.*, *Portorreal v. City of New York*, 306 F.R.D. 150, 153 (S.D.N.Y. 2015) (dismissing a case on consent or, in the alternative, for failure to prosecute due to "Plaintiff's continuing failure or inability to comply with the Court's deadlines"). Yet, despite those warnings — and multiple extensions and chances to be heard — Plaintiff failed to refile the motion for default judgment by the March 28, 2019 deadline. The repeated failure to heed Court-ordered deadlines would, by itself, justify dismissal. *See, e.g.*, *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) (noting that the "balance tips decidedly in favor of the Court's need to reduce docket congestion — and against the plaintiff's right to be heard — as [Plaintiff] has shown little interest in prosecuting this case. . . . Because [Plaintiff] has made no effort to prosecute this action, it would be unfair to the numerous other litigants who await the attention of this Court to permit her suit to remain on the docket."). That conclusion is all the more warranted given the nature of the latest failure, because the Court has no means to move this case forward without a motion for default judgment. *Cf. Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014) (holding that dismissal was error in part because the district court had "the means to move this case forward efficiently without the cudgel of extreme sanctions").

In short, given counsel's repeated failure to comply with deadlines — in this case and in others before the Court, *see* Docket Nos. 24, 25, 48, 50, 52, 53, 57; *Hu v. Tea Pot 88, Inc.*, No. 18-CV-12158, Docket No. 30; *Luo v. Kaiyi Inc.*, No. 18-CV-3101, Docket No. 31 — the Court

6

concludes that dismissal for failure to prosecute is warranted. That dismissal, however, is without prejudice to the filing of a new lawsuit. *See, e.g.*, *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

**B. Sanctions**

Rule 16(f) of the Federal Rules of Civil Procedure authorizes sanctions for, among other things, the "fail[ure] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). In addition, the Court has inherent authority to impose sanctions for "disobedience [of] the orders of the [Court]," both within the "court and . . . beyond the court's confines . . . ." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Sanctions are thus appropriate when counsel disregards a clear and unambiguous court order. *See, e.g.*, *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010). Sanctions under either Rule 16 or the Court's inherent authority may be imposed *sua sponte*. *See* Fed. R. Civ. Pro. 16(f)(1) (providing that the Court may issue sanctions orders "[o]n motion or on its own"); *Chambers*, 501 U.S. at 43-44. Ultimately, whether to impose such sanctions is left to the Court's sound discretion. *See, e.g.*, *Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 WL 337561, at *2 (S.D.N.Y. Jan. 23, 2015).

The Court finds that the conduct of Plaintiff's counsel here merits sanctions. As noted, counsel has repeatedly failed to comply with this Court's deadlines, despite extensive experience with this Court and in this District. *See* Docket Nos. 24, 25, 48, 50, 52, 53, 57.[4] Those failures have caused the Court and its staff to expend resources reminding counsel of its need to adhere

---

[4] John Troy has been or is counsel in at least 147 cases in this District as of the filing of this Order.

to deadlines. *See, e.g.*, Docket Nos. 51, 57; *Hu v. Tea Pot 88, Inc.*, No. 18-CV-12158, Docket No. 30; *Luo v. Kaiyi Inc.*, No. 18-CV-3101, Docket No. 31. The Court also expended considerable time and effort reviewing Plaintiff's motion for default judgment (indeed, the Court suspects that it spent more time reviewing it than counsel spent preparing it) before concluding that the motion was so patently defective that it could grant Plaintiff no relief. *See* Docket Nos. 57, 60. This meant that the Court's time reviewing the motion was wasted. To make matters worse, because counsel failed to file a revised motion for default judgment, all of its efforts to explain to counsel the specific ways in which the motion was defective were also wasted.

In light of the foregoing, and to deter counsel from repeating their delinquent conduct in any other or future case, the Court concludes that counsel should be required to pay a small monetary sanction to the Court. Specifically, no later than **May 3, 2019**, John Troy, Aaron Schweitzer, and Hui Chen shall pay $2,000 to the Clerk of Court. The Court finds that this relatively modest sanction — for which the three counsel shall be jointly and severally liable — is sufficient but no greater than necessary to secure compliance with the Court's orders and deadlines in the future. *See, e.g.*, *Macolor*, 2015 WL 337561, at *3; *Weiss v. Weiss*, 984 F. Supp. 682, 686 (S.D.N.Y. 1997) ("[S]anctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person . . . ." (internal quotation marks omitted)). Further disregard of the Court's orders — in this case and in other cases —may result in additional, harsher sanctions, included but not limited to possible referral of counsel to the Court's Grievance Committee.

## CONCLUSION

For the reasons stated above, this case is DISMISSED for failure to prosecute and John Troy, Aaron Schweitzer, and Hui Chen are SANCTIONED for their delinquent conduct. To

8

ensure that Plaintiff himself is aware of the foregoing, counsel shall serve a copy of this Memorandum Opinion and Order on Plaintiff by mail and file proof of such service by **April 11, 2019**.  Finally, if either Troy Law or Hui Chen & Associates files a new lawsuit on Plaintiff's behalf, they shall mark the new lawsuit as related to this one to ensure that it is assigned to the undersigned.

The Clerk of Court is directed to close the case and to mail a copy of this Memorandum Opinion and Order to Defendant Jia Zhuang Wang.

SO ORDERED.

Dated: April 5, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge