```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
JIANSHE GUO,                                        :
                                                    :
                              Plaintiff,            :        18-CV-4147 (JMF)
                                                    :
              -v-                                   :        MEMORANDUM OPINION
                                                    :             AND ORDER
A CANAAN SUSHI INC., et al.,                        :
                                                    :
                              Defendants.           :
                                                    :
                                                    :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 5, 2019, the Court dismissed this case for failure to prosecute. *See* Docket No. 62. On April 9, 2019, Plaintiff's counsel filed a three-page motion for reconsideration, arguing — in essence — that Plaintiff should not be punished for counsel's own failures. *See* Docket No. 64. The Court **DENIES** the motion primarily for three reasons.

First, "[u]nder our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent." *Dodson v. Runyon*, 957 F. Supp. 465, 471 (S.D.N.Y. 1997) (quoting *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 92 (1990)), *aff'd*, 152 F.3d 917 (2d Cir. 1998). Second, accepting for the sake of argument that Plaintiff himself is personally blameless for counsel's failure to prosecute his case, Plaintiff's counsel has articulated no prejudice that Plaintiff would face by being required to re-file the suit, as Plaintiff's counsel acknowledges he can. *See* Docket No. 64, at 2. To the extent that re-filing would "delay Plaintiff's time to recover the wage owed to him," *see id.*, Plaintiff's counsel have no one to blame but themselves. Third, there is some indication in the record that Plaintiff himself is not committed to pursuing this lawsuit. *See* Docket No. 15 (letter from Plaintiff's counsel that Plaintiff Guo submitted "a

Sworn Affidavit . . . indicating that he wishes to withdraw the case"); Docket No. 48 (letter from Plaintiff's counsel informing the Court that he was unable to reach Plaintiff for two months, including when counsel "went to knock on Plaintiff's apartment door"). In this context, requiring Plaintiff to re-file any lawsuit will ensure that he is committed to pursuing the matter, not to mention pursuing it with his current counsel.

The Clerk of Court is directed to terminate Docket No. 63 and to mail a copy of this Memorandum Opinion and Order to Defendant Jia Zhuang Wang.

SO ORDERED.

Dated: April 10, 2019
      New York, New York

_____
JESSE M. FURMAN
United States District Judge